**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARAM DIPLOSHYAN,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-72824

Agency No. A099-968-427

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2016
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BEA, Circuit Judges.

Aram Diploshyan petitions for review of the decision of the Board of

Immigration Appeals (BIA) dismissing his appeal of the denial of his application

for asylum, withholding of removal, and relief under the Convention Against

Torture (CAT). Diploshyan asserts that the BIA erred when it held that he failed to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

establish past persecution, a well-founded fear of future persecution, and a likelihood of torture if he returned to Armenia.

**1.** Substantial evidence supports the BIA's determination that Diploshyan failed to establish past persecution. We have described persecution as "an extreme concept that does not include every sort of treatment our society regards as offensive." *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009) (citation omitted). Viewed separately or cumulatively, Diploshyan's reported incidents do not compel a finding of past persecution. *See id.* at 975-76 (denying an asylum claim under similar circumstances). Further, as the BIA noted, the fact that Diploshyan returned to Armenia after three of the four events underlying his claims had occurred severely undermines his claim that he fears future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010). Diploshyan's failure to establish eligibility for asylum necessarily precludes "withholding of removal, which imposes a heavier burden of proof." *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**2.** Substantial evidence also supports the denial of CAT relief. Diploshyan failed to produce any evidence illustrating a clear probability of an individualized

risk of torture if he returns to Armenia.  *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

**PETITION DENIED.**